Michael Cukor
McGeary Cukor LLC
7 Dumont Pl
Morristown, NJ 07960
(973) 339-7367

Mark J. Liss
Kevin C. Parks
Laura M. Schaefer
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza
180 N. Stetson Ave., Suite 4900
Chicago, Illinois 60601
(312) 616-5600

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PROMOTION IN MOTION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 19-cv-14183(MCA-LDW) |
| ) | |
| HARIBO OF AMERICA, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

## FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant, Haribo of America, Inc. ("Haribo"), by and through its attorneys, makes the following Answer, Affirmative Defenses, and Counterclaims to the Complaint by Promotion in Motion, Inc. ("PIM").

## NATURE OF THE ACTION

1.      Haribo admits only that this is an action for trademark and trade dress infringement, false designation of origin, and unfair competition under the Lanham Act.  Haribo

denies the remaining allegations in Paragraph 1 of the Complaint.

## PARTIES

2.      Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies the same.

3.      Responding to the allegations in Paragraph 3 of the Complaint, Haribo admits that it is a Delaware corporation with its principal place of business at 9500 West Bryn Mawr Avenue, Suite 700, Rosemont, Illinois 60018, and admits that it imports various candy products for sale in the United States but denies all remaining allegations of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      The allegations in Paragraph 4 of the Complaint state legal conclusions to which no response is required.

5.      Responding to the allegations in Paragraph 5 of the Complaint, Haribo admits only that for the purposes of this action only, it is subject to personal jurisdiction in this Court, and denies all remaining allegations.

6.      Responding to the allegations in Paragraph 6 of the Complaint, Haribo admits that venue is proper in this judicial district.

## FACTS

**PIM's SOUR JACKS Wedge Product**

7.      Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies the same.

8.      Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies the same.

9.      Haribo lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10.     Responding to the allegations in Paragraph 10 of the Complaint, Haribo denies that the SOUR JACKS Wedge Product features a distinctive or highly recognizable shape. Haribo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies the same.

11.     Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12.     Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13.     Denied.

14.     Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15.     Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies the same.

16.     Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies the same.  Further responding, Haribo affirmatively avers that as depicted in Paragraph 16, the reference to "Respect the Wedge" is merely a slogan, and does not constitute "look for" advertising that would indicate PIM as the exclusive source of the alleged trade dress.

17.     Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies the same.  Further responding, Haribo affirmatively avers that as depicted in Paragraph 17, the reference to "Livin' on the Wedge" is merely a slogan, and does not constitute "look for" advertising that would

indicate PIM as the exclusive source of the alleged trade dress.

18.     Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies the same.

19.     Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies the same.  Further responding, Haribo affirmatively avers that, if true, PIM's allegations regarding bulk sales in Paragraph 19 tend to dilute, lessen and destroy any alleged distinctiveness or recognition of the PIM Trade Dress.

20.     Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies the same.

21.     Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies the same.

22.     Denied.

23.     Denied.

24.     Responding to the allegations in Paragraph 24 of the Complaint, Haribo admits only that the quoted language appears in the description of the mark in the PIM Registration. Haribo denies that the PIM Registration is valid, and denies the remaining allegations in Paragraph 24 of the Complaint.

**Haribo's Infringing Conduct**

25.     Responding to the allegations in Paragraph 25 of the Complaint, Haribo admits only that the image appears to be a copy of an illustration Haribo used to announce a watermelon flavored gummy candy at the Sweets & Snacks trade show in May 2019.  Haribo denies the remaining allegations in Paragraph 25 of the Complaint.

26.     Denied.

27.     Responding to the allegations in Paragraph 27 of the Complaint, Haribo admits only that it was generally aware of PIM's products before deciding to introduce a watermelon flavored gummy candy in the United States, and denies the remaining allegations in Paragraph 27 of the Complaint.

28.     Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies the same.

29.     Haribo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies the same.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Responding to the allegations in Paragraph 34 of the Complaint, Haribo admits that PIM has made such demands, to which Haribo's counsel responded, and denies the remaining allegations in Paragraph 34 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Violation of Section 32(1) of the Lanham Act)**

35.     Haribo restates its answers to Paragraphs 1-34 and for its answer to Paragraph 35, as if fully set forth herein.

36.     Denied.

**SECOND CLAIM FOR RELIEF**
**(Violation of Section 43(a) of the Lanham Act)**

37.     Haribo restates its answers to Paragraphs 1-36 and for its answer to Paragraph 37, as if fully set forth herein.

38.     Denied.

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

39.     Haribo restates its answers to Paragraphs 1-38 and for its answer to Paragraph 39, as if fully set forth herein.

40.     Denied.

## AFFIRMATIVE DEFENSES

While expressly reserving the right to assert additional legal or equitable defenses as further information comes to light, Haribo asserts the following affirmative defenses to the allegations in the Complaint:

### FIRST AFFIRMATIVE DEFENSE

The allegations in the Complaint as to all Counts fail to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's pleaded trademarks, trade dress and registration are generic and therefore not valid.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's pleaded trademarks, trade dress and registration are functional and therefore not valid.

### FOURTH AFFIRMATIVE DEFENSE

Haribo's sale of watermelon flavored candy in the shape and coloration of a natural watermelon slice constitutes permissible fair use.

## COUNTERCLAIMS

Haribo, through its attorneys, alleges as follows for its counterclaims in this action:

### PARTIES

1.      Haribo is a Delaware corporation with a principal place of business at 9500 West Bryn Mawr Avenue, Suite 700, Rosemont, Illinois 60018.

2.      PIM is a Delaware corporation with a principal place of business at 25 Commerce Drive, Allendale, New Jersey 07401.

### JURISDICTION AND VENUE

3.      These counterclaims are brought under the Lanham Act, 15 U.S.C. §§1051 *et seq.*

4.      Subject matter jurisdiction exists under 15 U.S.C. §1121 and 28 U.S.C. §1331.

5.      The Court has personal jurisdiction over PIM and venue is proper in this District because, *inter alia*, PIM has submitted itself to the personal jurisdiction of this Court and venue in this District by commencing this action.

### BACKGROUND

6.      Haribo realleges and restates the affirmative factual averments in its Answer herein, as if fully stated in its Counterclaims.

7.      Haribo uses the well-known HARIBO trademark to market, sell and distribute candy products in North America, including soft, chewy, "gummy" candies.  Haribo and PIM both sell gummy candies.

8.      For many years, companies related to Haribo have manufactured, marketed, sold and distributed "Watermelon gummy" products internationally—including specifically, watermelon flavored gummy candies in the shape and coloration of a natural watermelon slice.

9.     Haribo recently announced the North American introduction of a "Watermelon gummy" product in the shape and coloration of a natural watermelon slice.

10.     Slices of watermelon are commonly the shape of a wedge, with natural colors consisting of sections having green with white speckles, followed by white, followed by red with white speckles.  Examples of sliced watermelon available at retail are attached as Exhibit A hereto.

11.     The shape and coloration of Haribo's Watermelon gummy candy product informs consumers that the product is watermelon flavored and makes the product more appealing.

12.     For many years, numerous companies not associated with or authorized by PIM have manufactured, marketed, sold and distributed watermelon-flavored gummy candies in the shape and coloration of a natural watermelon slice, thereby informing consumers that the products are watermelon flavored.  Examples of third party products currently on the market and which, on information and belief, are not associated with or authorized by PIM, are attached as Exhibit B hereto.

13.     Watermelon flavored gummy candies in the shape and coloration of a natural watermelon slice are not source indicators and do not function as trademarks.

14.     On August 30, 2016, PIM received U.S. Trademark Registration No. 5,029,701 (the "PIM Registration"), for a product configuration described as "the shape of a wedge for candy, with an upper green section with white speckles, followed by a narrow middle white section and followed by a lower red section with white speckles."  PIM was required to make the green/white/red color claim in order to obtain the PIM Registration.

15.     The mark that is subject to the PIM Registration is in the shape and coloration of

a natural watermelon slice, as depicted below in the records of the United States Patent and

Trademark Office:



16.     The PIM Registration is for "candy," and PIM uses the mark that is subject to the

PIM Registration to manufacture, market, sell and distribute watermelon flavored gummy candy.

17.     PIM's alleged "Trade Dress" is the same as the PIM Registration.

18.     In Paragraph 12 of its Complaint, PIM alleges that following the introduction of

its "original watermelon flavor" gummy candy, it introduced "lemonade, wildberry and green

apple versions" in the same shape, "but with the colors adjusted for each different version."  The

colors PIM selected were yellow for lemonade, purple for wildberry and green for green apple.

19.     Flavored gummy candies in the shape and coloration of natural lemon, wildberry

and green apple slices are not source indicators and do not function as trademarks.

20.     On September 3, 2016, PIM filed Trademark Application Serial No. 87160593

(the "PIM Application"), for the same mark and goods shown in the PIM Registration, but

without the green/white/red color claim required to obtain the PIM Registration.  In the PIM

Application, PIM claimed to have made "eighteen years of substantially continuous and

exclusive use" of the applied-for mark, said to consist of "the shape of a wedge…, with an upper

section of a first shade or color, followed by a middle section of a second shade or color and

followed by a lower section of a third shade or color."  PIM claimed that the applied-for mark

had acquired distinctiveness as a source indicator.

21.     On November 7, 2016, the Trademark Office rejected PIM's claim of acquired

distinctiveness, finding the claimed mark "highly descriptive" of candy, while also noting "the

expansive nature of the trademark right claimed, and the lack of any basis for concluding that consumers view the shape and appearance of the candy as indicating a unique source…"

22.      PIM made no further effort to prove distinctiveness, and on May 1, 2017 moved the PIM Application to the Supplemental Register, where it was granted Supplemental Registration No. 5,247,979 on July 18, 2017 (the "PIM Supplemental Registration").

23.      The purported mark that is subject to the PIM Supplemental Registration is descriptive and has not acquired distinctiveness.

24.      Flavored gummy candies in the shape and coloration of a natural fruit slice are not source indicators and do not function as trademarks

**FIRST COUNTERCLAIM**
**(For Declaration of Noninfringement)**

25.      Haribo realleges and restates the allegations in the preceding paragraphs 1 through 24, as if fully stated herein.

26.      PIM alleges that Haribo's Watermelon gummy product infringes its trademark and trade dress rights, and constitutes unfair competition under federal law and the common law of the State of New Jersey, all of which Haribo denies.

27.      Haribo asserts that its Watermelon gummy product does not infringe PIM's trademark and trade dress rights (including any rights in the purported mark that is subject to the PIM Supplemental Registration), and does not constitute unfair competition under federal law or the common law of the State of New Jersey.

28.      There is an actual case or controversy between the parties as to Haribo's assertion of noninfringement.

29.      Haribo's Watermelon gummy product is sold in the packaging depicted below, which is dramatically different than PIM's packaging for its watermelon flavored SOUR JACKS

product, also shown below:





30.    For example, Haribo's packaging features the well-known HARIBO trademark; the well-known "Haribo Bear" character; and illustrations of cut watermelon slices, portraying the product as a watermelon flavored and shaped candy.  PIM's packaging has none of these features, and uses the SOUR JACKS trademark.

31.    Haribo's packaging is not likely to cause confusion with respect to PIM's packaging for its watermelon flavored SOUR JACKS product.

32.     Haribo's packaging and its Watermelon gummy product are dramatically

different than PIM's alleged Trade Dress / PIM Registration, as shown below:





33.     For example, Haribo's packaging features the well-known HARIBO trademark;

the well-known "Haribo Bear" character; and illustrations of cut watermelon slices, portraying

that the product as a watermelon flavored and shaped candy.  PIM's alleged Trade Dress / PIM

Registration has none of these features.

34.     Further, Haribo's Watermelon gummy product itself (as seen through the Haribo

packaging window) is much wider than PIM's; is rectangular as opposed to trapezoidal; and

features colors that are brighter and more vibrant than PIM's.

35.     Haribo's packaging and its Watermelon gummy product are not likely to cause

confusion with respect to PIM's alleged Trade Dress / PIM Registration.

36.     Haribo seeks a judicial declaration that its Watermelon gummy product and

packaging are not likely to cause confusion with respect to PIM, its products, or alleged

trademark or trade dress rights, under federal or state law.

## SECOND COUNTERCLAIM
### (For Cancellation of U.S. Registration No. 5,029,701 Due to Genericness)

37.     Haribo realleges and restates the allegations in the preceding paragraphs 1

through 36, as if fully stated herein.

38.     Given that a slice of watermelon is commonly the shape of a wedge, with natural

colors consisting of sections having green with white speckles, followed by white, followed by

red with white speckles, the public does not perceive watermelon flavored candy having these

characteristics as identifying a single source.

39.     Given that numerous third parties have and continue to manufacture, market, sell

and distribute watermelon flavored gummy candies in the shape and coloration of a natural

watermelon slice, the public does not perceive watermelon flavored candy having these

characteristics as identifying a single source.

40.     The PIM Registration consists of the generic shape and color of a watermelon

slice.

41.     The purported trademark that is subject to the PIM Registration is generic.

42.     Haribo will be damaged by the continued registration of the PIM Registration.

43.     The PIM Registration should be canceled.

## THIRD COUNTERCLAIM
### (For Cancellation of Registration No. 5,029,701 Due to Functionality)

44.     Haribo realleges and restates the allegations in the preceding paragraphs 1

through 43 as if fully stated herein.

45.     As demonstrated in part by the numerous third parties who do so, using the shape

and coloration of a natural watermelon slice to sell watermelon flavored candy is useful in that it conveys information and renders the product more appealing, especially to younger consumers.

46.     Allowing PIM to be the exclusive provider of watermelon flavored gummy candies in the shape and coloration of a natural watermelon slice would put competitors, including Haribo, at a significant non-reputation-related disadvantage.

47.     The purported trademark that is subject to the PIM Registration comprises matter that, as a whole, is functional.

48.     Haribo will be damaged by the continued registration of the PIM Registration.

49.     The PIM Registration should be canceled.

### FOURTH COUNTERCLAIM
### (For Cancellation of Supplemental U.S. Registration No. 5,247,979 Due to Genericness)

50.     Haribo realleges and restates the allegations in the preceding paragraphs 1 through 49, as if fully stated herein.

51.     Given that a slice of fruit is commonly the shape of a wedge, with natural colors consisting of an upper section of a first shade or color, followed by a middle section of a second shade or color and followed by a lower section of a third shade or color, the public does not perceive candy having these characteristics as identifying a single source.

52.     Given that numerous third parties have and continue to manufacture, market, sell and distribute gummy candies in the shape of a wedge, with colors consisting of an upper section of a first shade or color, followed by a middle section of a second shade or color and followed by a lower section of a third shade or color, the public does not perceive candy having these characteristics as identifying a single source.

53.     The PIM Supplemental Registration consists of the generic shape of a fruit slice.

54.     The purported trademark that is subject to the PIM Supplemental Registration is generic.

55.     Haribo will be damaged by the continued registration of the PIM Supplemental Registration.

56.     The PIM Supplemental Registration should be canceled.

## FIFTH COUNTERCLAIM
### (For Cancellation of Supplemental U.S. Registration No. 5,247,979 Due to Functionality)

57.     Haribo realleges and restates the allegations in the preceding paragraphs 1 through 56, as if fully stated herein.

58.     As demonstrated in part by the numerous third parties who do so, using the shape and coloration of a natural fruit slice to sell candy is useful in that it conveys information and renders the product more appealing, especially to younger consumers.

59.     Allowing PIM to be the exclusive provider of flavored gummy candies in the shape and coloration of a natural slice would put competitors, including Haribo, at a significant non-reputation-related disadvantage.

60.     The purported trademark that is subject to the PIM Supplemental Registration comprises matter that, as a whole, is functional

61.     Haribo will be damaged by the continued registration of the PIM Supplemental Registration.

62.     The PIM Supplemental Registration should be canceled.

## SIXTH COUNTERCLAIM
### (For Cancellation of U.S. Registration Nos. 5,029,701 and 5,247,979 Due to Abandonment by Course of Conduct)

63.     Haribo realleges and restates the allegations in the preceding paragraphs 1 through 62, as if fully stated herein.

64.     On information and belief, PIM has failed to enforce its purported trademarks against third parties selling similar wedge-shaped gummy candies.

65.     On information and belief, PIM has settled claims involving its purported trademarks by allowing third parties to continue selling similar wedge-shaped gummy candies.

66.     On information and belief, PIM has engaged in so-called "bulk selling," by which PIM manufactures and supplies its wedge-shaped gummy candies to third parties, for sale under the third parties' trademarks, or without any branding at all.

67.     On information and belief, the net effect of PIM's course of conduct as alleged in Paragraphs 64 through 66, including bulk selling of product with third party trademarks or no branding, is that consumers do not recognize PIM's wedge-shaped gummy candies as coming from any single source.

68.     On information and belief, PIM's course of conduct as alleged in Paragraphs 64 through 66 has caused PIM's purported marks to lose any trademark significance, within the meaning of "abandonment" set forth in 15 U.S.C. § 1127(2).

69.     PIM has abandoned its purported trademarks in wedge-shaped gummy candies.

## **PRAYER FOR RELIEF**

WHEREFORE, Haribo denies that PIM is entitled to any of the relief requested in its Complaint and respectfully requests:

A.     An order dismissing the Complaint with prejudice;

B.     That the Court order the cancellation of U.S. Registration Nos. 5,029,701 and 5,247,979;

C.     That the Court declare that Haribo's products do not infringe the trademark or trade dress rights of PIM;

D.     An award of attorneys' fees, interest, and costs; and

E.     Such other relief as the Court deems just and proper.

Dated: November 12, 2019            Respectfully submitted,

By:  <u>Michael Cukor /s        </u>

      Michael Cukor
      McGeary Cukor LLC
      7 Dumont Pl
      Morristown, NJ 07960
      (973) 339-7367
      mcukor@mcgearycukor.com

      Mark J. Liss
      Kevin C. Parks
      Laura M. Schaefer
      LEYDIG, VOIT & MAYER, LTD.
      Two Prudential Plaza
      180 N. Stetson Ave., Suite 4900
      Chicago, Illinois 60601
      (312) 616-5600
      lschaefer@leydig.com
      mliss@leydig.com
      kparks@leydig.com

      *Attorneys for Defendant*
      *Haribo of America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing First Amended Answer, Affirmative Defenses and

Counterclaim was filed on November 12, 2019 in accordance with the Court's CM/ECF

guidelines and thereby served on attorneys for the plaintiff as follows:

> David R. King, Esq.
> Leah Kelman, Esq.
> HERRICK, FEINSTEING LLP
> One Gateway Center
> Newark, NJ 07102
>
> Richard S. Mandel, Esq.
> Jonathan Z. King, Esq.
> COWAN, LIEBOWITZ & LATMAN, P.C.
> 114 West 47th Street
> New York, NY 10036

> /Michael Cukor/s
> Michael Cukor
> **McGeary Cukor LLC**
> 7 Dumont Pl
> Morristown, NJ 07960
> (973) 339-7367 Direct
> (973) 200-4845 Fax
> mcukor@mcgearycukor.com

Dated: November 12, 2019

18