

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Richard S. Mandel**
(212) 790-9291
rsm@cll.com

May 6, 2021

**VIA ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court  for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

    Re: Promotion In Motion, Inc. v. Haribo of America, Inc.
        Civil Action No. 2:19-cv-14183-MCA-LDW

Dear Magistrate Judge Wettre:

    We represent Plaintiff Promotion In Motion, Inc. ("PIM").  Pursuant to Your Honor's April 30, 2021 order (ECF No. 51), we write jointly on behalf of PIM and Defendant Haribo of America, Inc. ("Haribo") to set forth the parties' positions on a schedule for the remainder of discovery.

    Although counsel for the parties are continuing to explore the settlement options addressed during the April 29, 2021 settlement conference before Your Honor, they are proceeding as if such efforts will not prove successful and have largely agreed on a schedule to govern the remaining discovery prior to dispositive motions (with one disagreement as noted below).

    There are some outstanding clean-up items on production of documents and information to be exchanged by both sides.  The parties propose that these limited remaining fact discovery items all be completed by June 1, 2021.  It is possible that one additional deposition will be sought, but the parties would propose that if such deposition is taken that it be completed by the same June 1 deadline.

    Haribo has indicated that it will seek to amend its answer to add an unclean hands defense, and it plans to send PIM a proposed draft of the amended pleading shortly.  Once PIM receives the draft, it will review it and determine whether it will consent to the amendment or oppose it.  The parties will promptly notify the Court of the outcome of those discussions.

    The parties have agreed on the following proposed schedule to govern expert discovery: initial expert reports from the party bearing the burden on an issue would be due September 1, 2021; responsive expert reports would be due on November 1, 2021; reply expert reports would

**Cowan, Liebowitz & Latman, P.C.**
Hon. Leda Dunn Wettre, U.S.M.J.
May 6, 2021
Page 2

be due on December 1, 2021; and expert discovery would be completed by January 14, 2022. The parties further have agreed that any dispositive motions would be filed following the completion of expert discovery, with such motions due no later than February 28, 2022.

The parties' one point of disagreement concerns the scope of expert discovery. Haribo has proposed that expert discovery be bifurcated so that any expert reports relating to PIM's claims for an accounting of Haribo's profits would not be included as part of the above schedule and would not be scheduled until after trial[1] and in the event that the ultimate fact finder determines that (1) Haribo is liable for infringement and (2) that PIM is entitled to profits. Haribo notes that entitlement to profits is not automatic, even if there is a finding of liability, as a defendant's mental state is a "highly important consideration in determining whether an award of profits is appropriate." *Romag Fasteners, Inc v. Fossil, Inc*., 140 S. Ct. 1492, 1497 (2020).

Haribo believes that bifurcation would avoid unnecessary expense for both parties in the event PIM's claims are dismissed on summary judgment or in the alternative, if it is found that Haribo is not liable and/or PIM is not entitled to an accounting of profits at trial. Based on the facts, Haribo believes that it is unlikely that an accounting of profits will ultimately be required in this case. Requiring the parties to litigate the issue of PIM's claim for an accounting of Haribo's profits and deductions during the expert discovery stage is inefficient, as Haribo's sales would continue up to and through trial, which require another accounting and claim for deductions to be made. There will be absolutely no prejudice to PIM if this expert discovery is bifurcated, as it would save both parties tens of thousands of dollars and would allow for judicial efficiency. If so needed, Haribo requests for leave to file a more formal motion to explain its position on this issue and can be prepared to do so by May 15, 2021.

PIM believes that the more efficient approach is to have only one period for expert reports and discovery. "[B]ifurcation remains the exception rather than the rule," and this case does not involve the kind of complex issues found in patent cases where courts have been more willing to entertain bifurcation. *Graco, Inc. v. PMC Global, Inc.*, 2009 U.S. Dist. LEXIS 26845, at *125 (D.N.J. Mar. 31, 2009) (quoting *Innovative Office Prods. v. SpaceCo Inc.*, 2006 U.S. Dist. LEXIS 29439, 2006 WL 1340865, at *1 (E.D. Pa. May 15, 2006)); *see also Webstaurant Store, Inc. v. Everything Is In Stock LLC*, 2020 U.S. Dist. LEXIS 126083, at *2 (D.N.J. July 15, 2020) (same); *Cephalon, Inc. v. Sun Pharm. Indus.*, 2013 U.S. Dist. LEXIS 94575, at *8 (D.N.J. July 8, 2013) ("Courts in this district do not routinely grant motions to bifurcate discovery …"). The relatively contained issues concerning the profits earned by Haribo can easily be addressed during the proposed expert schedule set forth above without the potential need to drag this case out for years with multiple expert discovery periods and trials.

---

[1] Haribo notes that a trial will only take place in the event that it is unsuccessful in its intended motion for summary judgment.

18166/046/3837672.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Leda Dunn Wettre, U.S.M.J.
May 6, 2021
Page 3

   The parties will be prepared to address these issues in further detail at Monday's conference.

                  Respectfully,

                  Richard S. Mandel

cc: All Counsel of Record (via ECF)

18166/046/3837672.1